COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-201-CR

  
ANTHONY 
GLYNN ALLEN SR. A/K/A                                       APPELLANT
ANTHONY 
GLYNN ALLEN
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Anthony Glynn Allen Sr. entered an open plea of guilty to two counts of 
aggravated robbery with a deadly weapon. The trial court conducted a punishment 
hearing and, following the hearing, sentenced Allen to 30 years’ confinement 
for each count, to be served concurrently. In two points, Allen contends that 
(1) his guilty plea was rendered involuntary because the trial court improperly 
limited his right to appeal, and (2) he received ineffective assistance of 
counsel. We will affirm.
        Prior 
to accepting Allen’s plea of guilty, the trial court provided Allen with 
written statutory admonishments, advising him that his appeal was limited 
“solely to jurisdictional issues or non[-]jurisdictional issues arising after 
entry of [his] guilty plea.” On May 12, 2003, the trial court entered judgment 
on Allen’s guilty plea and certified Allen’s right to appeal. On the 
certification form, the trial court indicated that Allen’s case was “not a 
plea-bargain case, and the defendant has the right of appeal,” and added a 
handwritten notation providing “the sentence (open plea of guilty) & 
jurisdiction only.” Both Allen and his trial counsel signed the certification, 
acknowledging that they had been informed of it.
        Although 
Allen admits that he was admonished concerning the scope of his right to appeal 
before he entered his plea, he complains that the trial court’s certification 
improperly limited his right to appeal. As a result, he maintains that his 
guilty plea was rendered involuntary. The State, however, maintains that 
Allen’s complaint is without merit because his plea was open and unconditional 
when rendered, and the trial court’s certification was made after Allen was 
properly admonished concerning his limited right to appeal. The State also 
maintains that by adding the handwritten notation, the trial court was merely 
attempting to more accurately set forth the scope of Allen’s right to appeal.
        The 
record reflects that prior to entering his plea, Allen signed written plea 
admonishments indicating that he was competent to enter the guilty plea, that he 
was freely and voluntarily entering his plea, and that he understood that by 
entering his plea he waived the right to appeal all issues arising prior to his 
plea except for jurisdictional issues. Allen does not point this court to any 
issue that he could have raised on appeal in the absence of the trial judge’s 
handwritten notation on the certification form. See Tex. R. App. P. 44.2(a) (requiring us to disregard 
error unless it affects a substantial right). Therefore, we hold that Allen’s 
claim that the trial court’s certification rendered his plea involuntary is 
without merit. Accordingly, we overrule his first point.
        In 
his second point, Allen contends that his trial counsel provided ineffective 
assistance by failing to require the court reporter to make a record of the 
punishment hearing. He maintains that because no reporter’s record was made, 
counsel has deprived him of the opportunity to show ineffectiveness. The State 
maintains that Allen has failed to demonstrate that his trial counsel’s 
performance was deficient.
        Our 
review of the record reveals that prior to the punishment hearing, Allen waived 
the presence of the court reporter. Moreover, Allen initialed the admonishment 
sheet, indicating that his attorney had provided “fully effective and 
competent representation.” On appeal, Allen does not complain that his waiver 
of a court reporter or his written representation that counsel was effective 
were made involuntarily. Further, he does not provide any case law demonstrating 
that a counsel’s failure to require a court reporter to record punishment 
proceedings constitutes ineffective assistance, nor does he point to any 
evidence in the record indicating that his trial counsel’s performance was 
deficient. Therefore, because the record does not support Allen’s ineffective 
assistance claim, we overrule his second point. See Thompson v. State, 9 
S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding on direct appeal that evidence 
in the record was insufficient to overcome the presumption that counsel provided 
reasonable assistance).
        Having 
overruled both of Allen’s points, we affirm the trial court’s judgment.

  
                                                          SUE 
WALKER
                                                          JUSTICE

  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.